**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS RAMON SERRANO,<br><br>Defendant. | 1:11-cr-00354 LJO-20<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>**(ECF No. 775)** |

Defendant Jesus Ramon Serrano ("Defendant") previously filed a motion under 18 U.S.C. § 3582(c)(2) ("Section 3582"), seeking a reduction in his sentence on the basis of Amendment 782 to the United States Sentencing Guidelines ("USSG"), which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. ECF No. 563. The Government opposed. ECF No. 594. In a June 19, 2015, order, this Court denied Defendant's first Section 3582 motion because Defendant is not eligible to benefit from Amendment 782. ECF No. 597.

On February 6, 2017, the Court received a second *pro se* motion from Defendant seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c). ECF No. 735. The Government opposed. ECF No. 736. The case was referred to the Federal Defender's Office, ECF No. 738, which declined to supplement Defendant's motion and withdrew as counsel, ECF No. 739. Defendant's second motion raised no new arguments that affect the Court's original analysis. Because Defendant failed to show that he was entitled to relief under Section 3582, his second Section 3582 motion was also denied. ECF

760.

On October 25, 2018, Defendant again moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c).  ECF No. 775.  This motion cites as the basis for relief *Hughes v. United States*, a recent case in which the Supreme Court clarified that because Section 3582 "authorizes district courts to reduce the sentences of prisoners who were sentenced based on a Guidelines range that would have been lower had the amendment been in place when they were sentenced," for purposes of determining whether a defendant is eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines, "a sentence imposed pursuant to a [Federal Rules of Criminal Procedure Rule 11(c)(1)(C)] agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement."  138 S. Ct. 1765, 1773, 1775 (2018).  *Hughes* sought to resolve a split among the lower courts about how clear a reference to the Sentencing Guidelines must be in order for a sentence to be "based on" the Guidelines.  Here, however, the Court's denials of Defendant's Section 3582 motions did not turn on whether the sentence was "based on" the Guidelines.  As the Court explained in its order denying Defendant's first Section 3582 motion, Defendant was sentenced as a career offender,[1] and the career offender guideline was unaffected by Amendment 782.  ECF No. 597.  Defendant is accordingly ineligible for relief, and his third motion pursuant to Section 3582 is **DENIED**.

Should Defendant decide to file still another spurious motion to reduce his sentence, the Court will consider the act to be contemptuous, which will most probably result in additional time in custody.

IT IS SO ORDERED.

Dated:   __**January 23, 2019**__          _____**/s/ Lawrence J. O'Neill**_____
                                                                    UNITED STATES CHIEF DISTRICT JUDGE

---

[1] *See* Presentence Investigation Report, ECF No. 445, ¶¶ 20-21.